**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4919**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMES EDWARD MCCULLOUGH,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:10-cr-00223-F-1)

Submitted:  June 28, 2012              Decided:  August 17, 2012

Before KING, SHEDD, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, James E. Todd, Jr., Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Edward McCullough pled guilty, in two separate proceedings, to two counts of possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006). McCullough was sentenced to consecutive sentences of fifteen months and 120 months, for a total of 135 months. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning the sufficiency of the evidence supporting the quantity of drugs attributed to McCullough for sentencing purposes and whether this judicial fact finding violated McCullough's Sixth Amendment rights. McCullough has filed a pro se supplemental brief in which he questions whether his prior convictions properly supported the application of enhanced statutory sentences on one of the counts. The Government has moved to dismiss McCullough's appeal of his sentence based on the terms of the waiver of appellate rights contained in McCullough's plea agreement. For the following reasons, we grant the Government's motion in part, dismiss in part, and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is

2

within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The validity of an appellate waiver is a question of law that we review de novo, and "depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often made based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id.

Here, the district court substantially complied with Fed. R. Crim. P. 11 when accepting McCullough's second plea, ensuring that McCullough understood the rights he was relinquishing by pleading guilty and the sentence he faced, that McCullough committed the offense to which he was pleading, and that McCullough was aware of the limits his plea would place on his appellate rights. Given no indication to the contrary, we find that McCullough's appellate waiver is valid and enforceable.

However, as counsel made clear during McCullough's second Rule 11 hearing, McCullough pled "straight up" to Count Two of the original indictment in order to avoid the application of an enhanced sentence to that conviction, 18 U.S.C. § 851 (2006). Further, the parties and the district court did not consider McCullough's plea to Count Two to be governed by

3

McCullough's second plea agreement. Therefore, we find that the appeal waiver only precludes McCullough's appeal of his within-Guidelines sentence on Count Four of the superseding indictment, see United States v. Jordan, 509 F.3d 191, 195-96 (4th Cir. 2007), and we grant the Government's motion as to that sentence only. Notwithstanding this result, the substantive challenges McCullough raises to his sentence on Count Two provide no meritorious ground for appeal.

First, counsel questions whether the evidence at sentencing was sufficiently reliable to support the district court's findings regarding the quantity of drugs attributable to McCullough for sentencing purposes. Generally, a district court must find facts relevant to sentencing by a preponderance of the evidence, and we review such findings for clear error. See United States v. Alvarado Perez, 609 F.3d 609, 612, 614 (4th Cir. 2010). Further, although the evidence relied on must possess sufficient indicia of reliability, we afford great deference to the credibility determinations of district courts during sentencing, United States v. McKenzie-Gude, 671 F.3d 452, 463 (4th Cir. 2011). We find no clear error in the district court's findings here.

Nor did the district court violate McCullough's Sixth Amendment rights when it imposed sentence based on facts neither admitted by McCullough nor found by a jury. We have

4

consistently rejected such a claim and are without authority to overrule a prior panel of this court. United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010); United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009).

Moreover, because the district court substantially complied with Rule 11 when accepting both of McCullough's guilty pleas, we conclude that they were knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). McCullough's pro se challenge to the validity of his plea based on our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which issued after his second Rule 11 hearing, fails to convince us otherwise.

In accordance with Anders, we have reviewed the record, mindful of the scope of the appellate waiver, and have found no meritorious issues for appeal. We therefore dismiss the appeal in part and affirm in part. This court requires that counsel inform McCullough, in writing, of his right to petition the Supreme Court of the United States for further review. If McCullough requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCullough. We dispense with oral argument because the facts

5

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
